UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRANKLYN SANCHEZ,

        *Plaintiff*,

  v.

DISTRICT OF COLUMBIA
GOVERNMENT, et al.,

        *Defendants*.

Civil Action No. 1:25-01730 (UNA)

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint, ECF No. 1 ("Compl."), and his Application for Leave to Proceed *in forma pauperis*, ECF No. 2. The Court grants the *in forma pauperis* Application and, for the reasons explained below, dismisses this case without prejudice.

Plaintiff, a resident of Delaware, sues the District of Columbia Government and PennyMac Loan Services, LLC. Compl. at 1–2. Plaintiff asserts that this "is a civil action for constitutional violations and common law torts arising from the wrongful classification of [his] residential property as a 'Class 3 Vacant Property' by the District of Columbia, and the resulting financial, emotional, and property damage inflicted by both the District and Plaintiff's mortgage servicer, PennyMac Loan Services, LLC." *Id*. at 1. He further alleges that he was never properly notified of this classification, which increased the amount owed on his mortgage, and that "PennyMac refused to return disputed escrow payments or assist in correcting the overcharge," and the District rejected his paperwork proving occupancy, and also rejected his requests for "emergency hardship assistance." *See id.* at 2–3. These events ultimately allegedly resulted in PennyMac's foreclosure

1

of Plaintiff's real property, and unlawful removal of his personal property from the premises. *See id*. at 3. He demands equitable relief and damages. *See id*. at 4.

Plaintiff has failed to establish subject matter jurisdiction. Notably, there is a recent and active judicial mortgage foreclosure sale matter pending as to the same real property, filed by PennyMac against Plaintiff, in the Superior Court of the District of Columbia, *see PennyMac Loan Services, LLC v. Franklyn Sanchez, et al.*, No. 2025-CAB-000308 (D.C. Super. Ct. filed Jan. 17, 2025),[1] and federal courts generally cannot intervene in an ongoing local court proceeding, *see District Properties Assocs. v. District of Columbia*, 743 F.2d 21, 27 (D.C. Cir. 1984) ("[T]he doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny restrains federal courts from interfering in ongoing state judicial proceedings.").

Even if the foreclosure matter in D.C. Superior Court had concluded, Plaintiff's claims would nonetheless be barred by the *Rooker-Feldman* abstention doctrine, which prohibits federal courts from reviewing determinations made by local courts, *see Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). The *Rooker–Feldman* abstention doctrine "bars lower federal courts from considering not only issues raised and decided in the state courts, but also issues that are inextricably intertwined with the issues that were before the state court." *Araya v. Bayly*, 875 F. Supp. 2d 1 (D.D.C. 2012) (citation and internal quotation marks omitted), *aff'd*, No. 12-7069, 2013 WL 500819 (D.C. Cir. Jan. 18, 2023).

---

[1] A court may take judicial notice of the docket and facts on the public record in other judicial proceedings. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

"[B]ecause Plaintiff is invoking the United States Constitution and other federal statutes to challenge the propriety of the judicial foreclosure on his property, Plaintiff's claims are barred by the *Rooker–Feldman* doctrine." *Laverpool v. Taylor*, 229 F. Supp. 3d 5, 16 (D.D.C. 2017) ("Although Plaintiff styles his claims as arising under various federal statutes and constitutional protections, even a liberal reading of his Complaint makes clear that he seeks the invalidation of the judicial foreclosure on his property . . . [because he alleges that the defendants] conspired to abuse the judicial process in order to unlawfully deprive him of his property.") (citation and internal quotation marks omitted). "In similar cases where plaintiffs' particular claims have related to state-court judicial foreclosure proceedings, . . . other courts of this district have similarly concluded that the *Rooker–Feldman* doctrine barred such litigation." *Id.* at 17–18 (collecting cases). Instead, when a "proceeding[] begin[s] in Superior Court, the defendant can raise any constitutional claims in that court, appeal an adverse decision to the District of Columbia Court of Appeals, and if still dissatisfied seek review in the United States Supreme Court." *JMM Corp. v. Dist. of Columbia*, 378 F.3d 1117, 1121 (D.C. Cir. 2004).

Put differently, although Plaintiff now seeks relief "for injuries he suffered as a result of the foreclosure[,]" and his Complaint is not "styled as an appeal from the foreclosure action, it is clear from the Complaint that [Plaintiff's] claim is based entirely on the alleged impropriety of the foreclosure[,]" and any newly framed allegations that Defendants' actions were "constitutionally defective" cannot provide Plaintiff with another bite at the apple in this Court. *Hunter v. U.S. Bank Nat. Ass'n*, 698 F. Supp. 2d 94, 100 (D.D.C. 2012) (quoting *Tremel v. Bierman & Geesing, L.L.C.*, 251 F. Supp. 2d 40, 45–46 (D.D.C. 2003)), *aff'd*, 407 Fed. Appx. 489 (D.C. Cir. 2011) (per curiam); *see also Tremel*, 251 F. Supp. 2d at 45–46 (holding that it was "readily apparent that [the] Court lack[ed] jurisdiction to entertain" the plaintiff's claims under the *Rooker–Feldman*

abstention doctrine where the plaintiff claimed "that he [] suffered injuries as a direct result of the foreclosure proceedings"); *Lumpkins v. United States Gov't*, 82 F. Supp. 3d 145, 150 (D.D.C. 2015) (dismissing claims under the *Rooker–Feldman* abstention doctrine where the plaintiff alleged that a foreclosure "constitute[d] a violation of her rights," and that "defendants acted in concert to take away her primary residence"), *aff'd*, No. 15–5093, 2015 WL 9002925 (D.C. Cir. Nov. 23, 2015) (per curiam); *Magritz v. Ozaukee Cnty.*, 894 F. Supp. 2d 34, 38–40 (D.D.C. 2012) (dismissing plaintiff's unlawful taking claim stemming from judicial foreclosure as barred by the *Rooker–Feldman* abstention doctrine); *Ananiev v. Freitas*, 37 F. Supp. 3d 297, 312 (D.D.C. 2014) (dismissing plaintiff's Fourth Amendment claims stemming from a judicial foreclosure, trustee's sale, and eviction as barred by the *Rooker–Feldman* abstention doctrine), *aff'd*, 587 Fed. App'x 661 (D.C. Cir. 2014) (per curiam).

     For these reasons, this case is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

DATE: October 8, 2025

                                                        CARL J. NICHOLS
                                                        United States District Judge